UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

MOSES MARSHALL,
   Petitioner,

Vs.

UNITED STATES OF AMERICA,
         Respondent.

CASE NO. 3:96CR00074-003RV

MOTION FOR REDUCTION OF SENTENCE
PURSUANT TO 18 U.S.C. § 3582(c)(2)

Petitioner Moses Marshall, in pro se, respectfully moves this Honorable Court to allow him relief within this motion pursuant to 18 U.S.C. § 3582(c)(2), on it's merits of the Sentencing Commissions' (USSC) newly amendment, 706 to the sentencing guidelines that would result in level reductions in the base offense level, and/or any other sentencing issues pertaining to the United States Vs. Booker, 543 U.S. 220(2005), and the Supreme Court's recent Ruling in Kimbrough VS, United States,(06-6330).

Effective on Novemeber 1, 2007, the Sentencing Commission adopted amendment 706 to the sentencing guidelines that would result in level reduction in the base offense for crimes involving crack cocaine for which this petitioner seeks relief.

Sentencing Commission(U.S.S.G.)
Amendment 706 To Guidelines
---

This instant motion presents this court with three related questions: 1) Whether 18 U.S.C. § 3582(c)(2), under this section, a district court can resentence by reducing a defendant's sentencing range which has been subsequently lowered by the sentencing commission pursuant to 28 U.S.C. § 994(O). Under these provisions it will allow the district court to recalculate a defendant's sentencing range using the newly reduced guideline, and then determine an appropriate sentence in accordace with the § 3553(a) factors. 2) Whether the district court's new guideline calculation impose a mandatory sentencing range or an advisory one, and 3) Whether it applies to retroactivity within a § 3582(c)(2) motion.

Petitioner does not argue solely that he deserves a § 3582(c)(2) resentencing because of the ruling in Booker, and Kimbrough, but believes that the langage in both cases are clear, as far as advisory guidelines ranges and disproportionate and unjust effect that crack cocaine guidelines have in sentencing proceedings.

### § 3582(c)(2) Modification of An Imposed Term of Imprisonmet:

The district court is authorized, but not required to grant equitable sentencing relief in the form of an imprisonment redeuction if three conditions are satisfied. First, the defendant must've been sentenced to a term of imprisonment based on the sentencing range

1.

subsequently lowered by the Sentencing Commission; Second, either the defendant, the Director of the Bureau of Prisons, or the Court must move to lower the sentence; and Third, the contemplated reduction must be consisent with applicable policy statements issued by the sentencing commission.

Peitioner's entitlement should be based on 18 U.S.C. § 3582(c)(2) because the district court could reconsider his sentence pursuant to § 3582(c)(2) - a proceeding that will occur only because the sentencing commission lowered the applicable sentencing range- the district court does have discretion to impose a non-guideline sentence also.

§ 3582(c)(2) allows resentencing or reduction of a sentence only when the sentencing commission lowers an applicable guideline. "the purpose of a § 3582(c)(2) motion is resentencing." United States V. Ono, 72 F.3d 101, 102 (9th Cir. 1995). See also, United States V. Espinosa-Talamante, 319 F.3d 1245 (10th Cir. 2003)(same), United States V. Arrango, 291 F.3d 170, 171-172 (2nd Cir. 2002)(same), United States V. Alvarez, 210 F.3d 309, 310 (5th Cir. 2000)(same); United States V. Petty, 82 F.3d 809, 810 (8th Cir. 1996)(same). While § 3582(c)(2) proceedings do not constitute full resentencing, thier purpose is to give defendant a new sentence. This resentencing while limited in certain respects, still results in the Judge calculating a new guideline range, considering the § 3553(a) factors, and issuing a new sentence based on the guidelines. (consistent with applicable policy statement).

2.

## 18 U.S.C. § 3553(a)

Factors to be considered in imposing a sentence - the court shall impose a sentence sufficient but not greater than necessary, to comply with the purpose set forth in paragraph (2) of this section.

### § 1B1.10(a) Retroactivity of Amendment to Guideline Range(policy Statement)

Where a defendant is serving a term of imprisonment and the guideline range applicable to that defendant has subsequently been lowered as a result of an amendment, a reduction in the defendant's term of imprisonment is authorized under 18 U.S.C. § 3582(c)(2)...

§ 1B1.10(b) of the guidelines states: In determining whether, and to what extent, a reduction in the term of imprisonment is warranted for a defendant eligible for consideration under 18 U.S.C. §3582(c)(2), the court should consider the term of imprisonment that it would have imposed had the amentment(s) to the guidelines listed in subsection (c) been in effect at the time the defendant was sentence...

On November 13, 2007, the Sentencing Commission convened with the Honorable, Judge Ricardo H. Hinojosa, presiding. The purpose of the hearing was to address the commission on whether two guideline amendments recently promulgated by the commission on crack cocaine and Criminal History, which went into effect on November 1, 2007, should be made retroactive. On December 12, 2007, retroactivity to amendment 706 for crack went into affect.

3.

If this court chose not to address petitioner's 3582(c)(2) motion because of it's prematurely status, than petitioner request that this court to hold this motion  proceeding in abeyance by the court until the court deems it necessary to address the merits. On the otherhand, Congress has provided a few situations, and jsut a few, in which a sentencing Judge may make changes after imposing a sentence.

§3582(c) proceedings are not mentioned, of course, in the federal Rule of Criminal Procedure 32, the standard Rule for sentencing. And in fact, Rule of Procedure 43(a)(2) requires defendants to be present at sentencing, but within these same procedures at 43(b)(4)-states, the defendant need not be present when the proceedings involves the correction or reduction of a sentence under Rule 35 or 3582. This would be peculiar resentencing indeed, if it could happen sua sponte, as 3582(c)(2) proceeding could. So what exactly is the congressional vision of 3582 (c)? It is an equitable mitgation device granted by Congress to the judiciary, subject to significant regulation and control by the sentencing commission. It's a form of equitable sentencing relief that Congress authorized the commission and the District court, acting separately, to grant.
In some Circuits the court has held that Booker, does apply to §3582(c)(2) proceedings. See United States V. Hicks,472 F.3d 1167(9th cir.2007). even if Booker, somehow applies to a §3582 (c)(2), the district court should have the power through the Sentencing Commission to place an absolute ceiling on the amount

4.

of the sentencing reduction, or to address the disproportionate and unjust effect that crack cocaine guidelines have in sentencing. This is not making guidelines, so called mandatory again. It is, rather, limiting the extent of the clemency like, equitable sentencing reduction that the District Court can bestow.

### U.S.S.G. §6A1.3

U.S.S.G. §6A1.3, in the guidelines allows hearing "[w]hen any factor important to the sentencing determination is reasonably in dispute."

A federal defendant who sought to modify a sentence based on post sentencing lowering of applicable sentencing range does not have to prove applicable sentencing range, he only needed to establish that important factors relevant to applicability was "reasonably in dispute." 18 U.S.S.A. §3582(c)(2); U.S.S.G. §1B1.10, 6A1.3 p.s. 18 U.S.C.A.

By applying the use of §3582(c)(2), and based on the sentencing commissions' new amendment 706 to the sentencing guidelines which will result in a reduction in the base offense for crimes involving crack cocaine warrant's relief in the form of a new sentencing hearing or reduction of petitioner's sentence. 18 U.S.C. §§3582(c)(2); U.S.S.G. 1B1.10; 2D1.1, U.S.S.G. 6a1.3 p.s. Moreover, petitioner can satisfy a "reasonable dispute" and a requirement for rehearing if need be, id.

## Conviction and Sentence

The petitioner was convicted and sentenced in 2000. In count one of the indictment was for conspiracy to possess with intent to distribute cocaine base in violation of 21 U.S.C. §§841(a)(1)(b)(1)(A)(iii), and 846. count three was for possess with intent to distribute cocaine base in violation of 21 U.S.C. §841(a)(1)(b)(1)(A)(iii). A presentence Report ("PSR") calculated a base offense level at 38. The probation office believed petitioner possessed a weapon based on reasonable foreseeable pursuant to §2D1.1(b)(1), and added an additional 2 points. Another 2 points were added for obstruction of justice, pursuant to §3c1.1 combining the adjusted offense of 42, with petitioner's category III criminal history score yielded a guideline range of 360 months to life.

The district court adopted the PSR's recommendations and sentenced petitioner to 402 months(33.6 years) in prison.

The additional enhanced points that were an increase to the petitioner's base offense had also been a part of the offense that constitutes his conviction. Without the additional points, and if petitioner would have been sentenced to powder, and not crack, his base offense could have been at 26 instead of it being significantly outside the guideline range. With the enhanced 4 points petitioner would have yield a 30 within his base offense, and with a criminal history at III, he would have a guideline range between 121 months to 151 months, a difference of 12 levels within his base offense, U.S.S.G. Ch5,pt.A.

6.

## The Quantity of Drugs Attributable to Petitioner

The petitioner's case illustrates the sentencing Commission's amendment to lower the sentencing range for those sentence for 5 grams or more of crack cocaine from about 63 months to 78 months to a range of about 51 months to 63 months. As with petitioner's case, those with at least 1.5 kilograms should serve 235 months to 393 months in prison, not 360 months to life which was the mandatory nature of the guidelines prior to the new amendment and Booker.

In this instant case the jury convicted the petitioner of possesing 1.5 kilograms of crack cocaine in violation of 21 U.S.C. §841(a)(1)(b)(1)(A)(iii), and §846 under does facts, the guidelines specified an offense level of 38 which given petitioner's criminal history at III, authorized a sentence of 360 months to life....... See § U.S.S.G. §2D1.1(c)(1). Petitioner's actual sentence, however was 402 months, almost 10 years longer than the guideline range supported by the jury verdict alone. To reach that sentence the district court found facts beyond those found by a jury.

With the new amendment petitioner's base offense level for 1.5 kilograms would put his base offense level at 38 with a criminal history at III, the guideline range would than be at 235 months to 293 months, of course with the 2 level reduction.

## Enhancements

The petitioner received a sentence of 402 months of imprisonment, his sentence was based on four, factual determinations: 1) in count 1 the jury's finding that he conspired to posssess with the intent to distribute cocaine base (crack), 2) count three possess with intent to distribute cocaine base. 3) under the judge's findings under relevant conduct that the petitioner possessed a weapon pursuant to §2D1.1(b)(1), and 4) obstruction of justice pursuant to §3C1.1.. Under the jury's findings the maximum sentence authorized by the guidelines was a term of 235 months to 293 months, of course this is with a 2 level reduction in the base offense level. See united States Sentencing Commission, Guideline Manual §2D1.1(C)(1)(Nov.2006)(U.S.S.G.).

following the adoption of amendment 706 to crack, but before petitioner moved to reduce his sentence, the Supreme court issued it's opinion in <u>Booker</u>, and <u>kimbrough</u>.

Petitioner now moves to have his sentence reduced pursuant to 18 U.S.C. §3582(c)(2), arguing that his possession of crack led to an additional two levels of his base offense , a disporportionate unjust effect that the crack cocaine guideline had on his sentencing proceedings along with the facts beyond those found by a jury. i.e., §2D1.1(b)(1), and §3C1.1.

8.

This petitioner expressly reserve his right to brief the impact of Booker, Amendment 706, and the recent ruling in the Supreme Court's decision in Kimbrough on any ensuing sentencing calculations should the court choose to have hearing on this motion.

## CONCLUSION

for the foregoing, this petitioner request the court for a resentence or reduction of his sentence pursuant to 18 U.S.C. §3582(c)(2) and/or disputed sentencing factors and if deem necessary by this court to adopt the limited remand procedure to assess the existance of the Sentencing Commisssions new amendment 706, to the sentencing guidelines that would result in a 2 level reduction within the base offense level for crimes involving crack cocaine, the retroactivity and the recent Supreme court's decision in Kimbrough VS. United States(06-6330).

Accordingly, petitioner prays that the court will address this motion for further proceedings consistent with whatever opinion this court deem necessary.

Respectfuuly Submitted,

Moses Marshall
Reg.# 06449-003
Federal Correctional Inst.
P.O. Boxx 23811
Tucson, Arizona 85734


# Certificate of Service

I, **Moses Marshall**, hereby certify that I have served a true and correct copy of the following: To

William M. McCool,
District Clerk
111 N. Adams St. Suite 322
Tallahassee, Fl 32301

United States Attorney Office
111 N. Adams St.
Tallahassee, Fl 32301

Which is deemed filed at the time it was delivered to prison authorities for forwarding, **Houston v. Lack** 101 1.Ed.2d 245 (1988), upon the Respondent(s) and/or his/her attorney(s) of record, by placing same in a sealed, postage prepaid envelope addressed to:

and deposited same in the United States Postal Mail at the FCI/TUCZ INSTITUTION on this: **13th** day of: **March**, **2008**.

_____
(Signature of Petitioner)

Moses Marshall
Reg.# 06449-003
Federal Correctional Institution
P.O. Box 23811
Tucson, Arizona 85734